SH

**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Victor Pianka,

                Plaintiff,

v.

Charles DeRosa, et al.,

                Defendants.

No.  CV14-2644-PHX-DGC (MHB)

**ORDER**

On December 8, 2014, Plaintiff Victor Pianka, who is confined in the Eloy Detention Center, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*.  In a December 17, 2014 Order, the Court granted the Application to Proceed and dismissed the Complaint because Plaintiff had failed to comply with Rule 3.4 of the Local Rules of Civil Procedure and Rule 8 of the Federal Rules of Civil Procedure.  The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

On January 20, 2015, Plaintiff filed his First Amended Complaint (Doc. 8).  The Court will dismiss the First Amended Complaint with leave to amend.

**I.    Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon

1   which relief may be granted, or that seek monetary relief from a defendant who is

2   immune from such relief.  28 U.S.C. § 1915A(b)(1)–(2).

3       A pleading must contain a "short and plain statement of the claim *showing* that the

4   pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8

5   does not demand detailed factual allegations, "it demands more than an unadorned, the-

6   defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678

7   (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere

8   conclusory statements, do not suffice."  *Id.*

9       "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a

10   claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*,

11   550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual

12   content that allows the court to draw the reasonable inference that the defendant is liable

13   for the misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible

14   claim for relief [is] . . . a context-specific task that requires the reviewing court to draw

15   on its judicial experience and common sense."  *Id.* at 679.  Thus, although a plaintiff's

16   specific factual allegations may be consistent with a constitutional claim, a court must

17   assess whether there are other "more likely explanations" for a defendant's conduct.  *Id.*

18   at 681.

19       But as the United States Court of Appeals for the Ninth Circuit has instructed,

20   courts must "continue to construe *pro se* filings liberally."  *Hebbe v. Pliler*, 627 F.3d 338,

21   342 (9th Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less

22   stringent standards than formal pleadings drafted by lawyers.'"  *Id.* (quoting *Erickson v.*

23   *Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

24       If the Court determines that a pleading could be cured by the allegation of other

25   facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal

26   of the action.  *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).

27   Plaintiff's First Amended Complaint will be dismissed for failure to state a claim, but

28

because it may possibly be amended to state a claim, the Court will dismiss it with leave
to amend.

## II.   First Amended Complaint

In his eight-count First Amended Complaint, Plaintiff sues forty-four Defendants
for various alleged constitutional violations.  Plaintiff seeks declaratory and injunctive
relief, monetary damages, and litigation costs.

Plaintiff has designated Count One as a claim for violation of his due process
rights under the Fifth Amendment, the "Non Detention Act 18 U.S.C. 4001,"[1] and "5
C.F.R. 2635.101."[2]  Plaintiff alleges the following facts: After Plaintiff was released from
immigration detention in 2001, Defendant Brett Day retrieved Plaintiff's immigration file
and "tampered with [it]" in exchange "for a cash bribe from the people . . . [who]
organized [the] life insurance murder[] [of Plaintiff's father] and then became obsessed
with getting [Plaintiff] deported."  Plaintiff claims that his "immigration file was
tampered with and many documents were falsified to make it seem like [Plaintiff's]
father was not [really] [his] father."  Plaintiff claims that he reported this fraud to
Defendants Charleston, Kitchen, Johnson, and Feldman "to no avail."

Plaintiff has designated Count Two as a claim for violations of his substantive due
process rights under the Fifth Amendment and alleges that he was denied meaningful
access to the court.  Plaintiff alleges that he is "not allowed to make free or direct legal
calls[.]"  Plaintiff claims that this was ordered by Defendants DeRosa and Williams.
Plaintiff claims that his requests to make phone calls were denied by Defendants
Williams, Cortez, Cena, Nelson, Digerlalamo, and Hammons.  Plaintiff has written to
Defendants Cantu, Kitchen, and Gruelle about this issue and has received no response.
Plaintiff alleges that his requests for additional library time have been denied by

---

[1] Federal statute 18 U.S.C. § 4001 provides that: "No citizen shall be imprisoned or otherwise detained by the United States except pursuant to an Act of Congress."  The statute does not, however, establish a private cause of action.

[2] Federal regulation 5 C.F.R. § 2635.101 outlines the ethical obligations that must be upheld by employees of the Executive Branch.  Its provisions do not provide for a private cause of action.

Defendants Williams, Sween, and DeRosa.  Plaintiff also alleges that any cases "that are not on the Lexis Nexis case CD" must be requested from Immigration and Customs Enforcement, "which takes over 60 days to receive[.]"  Plaintiff also complains that the library does not have a copy of the Arizona Local Rules of Court, and when he requested a copy he was only given a copy of Rule 28.  Plaintiff claims that because of the alleged deficiencies of the law library, he has been unable "to file petitions" in "seven criminal case[]s, multiple Civil Complaints, [and] file better briefs in immigration court[.]"

Plaintiff has designated Count Three as a First Amendment mail claim, and states that he is "only allowed to [send] seven certified mails a week."  Plaintiff claims that '[s]everal of the certified mails that [he has] mailed seem to not [have] made it to their destinations[.]"  Plaintiff alleges that he tried to mail a habeas petition, but it was delayed for two weeks because he "'did not get permission' to mail it."  Plaintiff filed a grievance with Defendant DeRosa, but his grievance was denied.

Plaintiff has designated Count Four as a violation of equal protection under the Fourteenth Amendment.  Plaintiff alleges that he has "witnessed over 30 murder[]s including [his] father[']s[.]"  Plaintiff does not remember these murders, however, because he has "been injected with Sodium Pentothal hundreds of times by people that organized life insurance murder[]s [and] medical fraud to hide over fifty dog locator chips [in Plaintiff's body]."  Plaintiff alleges that he "need[s] to speak and receive protection from Federal Law Enforcement" and "need[s] a direct contact to superiors from a Federal Law Enforcement."  Plaintiff claims that he has "tried to report these facts" to Defendants, but nothing has been done.  Plaintiff further claims that he has written Defendant United State Attorney General Eric Holder four times explaining his situation, "but was given the generic response."  Plaintiff also claims that he has written Defendant Arizona Governor Janet Brewer, but has not received a response.  Plaintiff has also written Defendant President Barrack Obama "three times for help in this situation to no response."

Plaintiff has designated Count Five as an Eighth Amendment medical claim, and alleges that Defendant Duran, an x-ray technician, "committed fraud by switching the x-ray of [Plaintiff's] arm and chest to hide over fifty pet locator chips that are injected through [Plaintiff's] body for a bribe that [Defendant] Nick Moore paid for him to commit." Plaintiff claims that he tried to get Defendant Sepulveda to "feel multiple places where the pet locator chips are now under [his] skin[,] but she does not care." Plaintiff claims that he filed a grievance with Defendant Farabough who ignored Plaintiff's claims. Plaintiff was subsequently placed "on Mental Health Checks" and when he tried to inform "every nurse that checked on [him]" about the locator chips, they ignored him.

Plaintiff has designated Count Six as an Eighth Amendment medical claim. He alleges that he "allergic to wheat, lactose intolerant, and allergic to dark meat poultry [and] fatty meats." Plaintiff claims that "[o]ut of 70 lunches and dinners, there is only about ten that there is a serving of meat that [he] do[es] not have a reaction to, the rest are ground dark meat poultry or soy." Plaintiff claims that he went to Defendant Sepulveda for help, and that Sepulveda stated that she saw "little bumps on [Plaintiff's] cheeks from the reaction." Plaintiff alleges that Sepulveda referred to "the hives" Plaintiff had on his body as acne, but Plaintiff does not believe it to be acne because he has never suffered from acne.

Plaintiff has designated Count Seven as a claim for unconstitutional conditions of confinement in violation of the Eighth Amendment. He alleges that while in immigration custody in 2001 at the Eloy Detention Center, he was assaulted by an inmate. Plaintiff alleges that Defendant Hammons learned of the incident, but she and her brother, Defendant Moore, "waited 4 years until the misdemeanor came off [the inmate's] records and unlawfully detained [Plaintiff] in 2005 just to have [the inmate] assault [Plaintiff]" again. Plaintiff alleges that in 2014, that same inmate was "re-housed" with Plaintiff where he assaulted Plaintiff a third time. Plaintiff also claims that Defendant Hammons "also ensured that [Plaintiff] would be in the same cell with 3 guys that attempted to rape

and raped [Plaintiff's] mother because [Defendant] Hammons and her family incited the rapes against [Plaintiff's] mother."

Plaintiff has designated Count Eight as a First Amendment claim, and alleges that "[a]ll of the phones in [the Eloy Detention Center] are run through a monitoring system that goes through a computer" and several of his calls were intercepted.  Plaintiff alleges that Defendant Moore "has on multiple [occasions], torture[d], [and] made [Plaintiff] make phone calls to a whole slew of people for [Moore] to record."  Plaintiff claims that several of his phone calls "have been played back to [him]" during subsequent phone calls.

### III.   Failure to State a Claim

To prevail in a § 1983 claim, a plaintiff must show that (1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges or immunities and (4) caused him damage.  *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)).  In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant.  *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

### A.   Count One (Due Process)

In Count One, Plaintiff alleges that his immigration file had been tampered with in violation of his Fifth Amendment due process rights.  It is not clear what due process Plaintiff is alleging he has been denied.  Liberty interests that entitle an inmate to due process are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  *Sandin v. Conner*, 515 U.S. 472, 484 (1995) (internal citations omitted).  Thus, a prisoner may challenge a disciplinary action which deprives or restrains a state-created liberty interest in some

"unexpected manner." *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (citing *Sandin*, 515 U.S. at 483-84)).

Second, a prisoner may challenge a state action that does not restrain a protected liberty interest, but that "nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484. In analyzing whether a hardship is atypical and significant, three guideposts to consider are: (1) the conditions of confinement; (2) the duration of the condition and the degree of restraint imposed; and (3) whether the sanction will affect the duration of the prisoner's sentence. *Ramirez*, 334 F.3d at 861; *Keenan v. Hall*, 83 F.3d 1083, 1088-89 (9th Cir. 1996). "As long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject a convicted inmate's treatment by prison authorities to judicial oversight." *Montanye v. Haymes*, 427 U.S. 236, 242 (1976). Therefore, to determine whether a convicted inmate is entitled to the procedural protections afforded by the Due Process Clause, the Court must look to the particular restrictions imposed and ask whether they "'present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest.'" *Mujahid v. Meyer*, 59 F.3d 931, 932 (9th Cir. 1995) (quoting *Sandin*, 515 U.S. at 486). *If a protected liberty interest was implicated, a plaintiff must also have alleged the due process safeguards he was denied and by whom. Wolff*, 418 U.S. at 565-66.

Plaintiff is not challenging a disciplinary action that allegedly presents an atypical and significant hardship or any other action entitling him to the procedural protections afford by the Due Process Clause. Accordingly, Count One will be dismissed.

### B.    Count Two (Due Process/Access to the Court)

In Count Two, Plaintiff claims that his requests to make phone calls have been denied, he does not receive adequate library time, and the legal library is inadequate. Plaintiff fails to allege any facts to support how, when, or by whom he was denied due process. As previously discussed, absent a challenge to a disciplinary action that

1  allegedly presents an atypical and significant hardship or any other action entitling

2  Plaintiff to the protections of the Due Process Clause, Plaintiff fails to state a claim.

3  Accordingly, Plaintiff's due process claims will be dismissed.

4      Plaintiff also fails to state a claim for denial of meaningful access to the courts.

5  The right of meaningful access to the courts prohibits officials from actively interfering

6  with inmates' attempts to prepare or file legal documents.  *Lewis v. Casey*, 518 U.S. 343,

7  350 (1996).  The right of access to the courts is only a right to bring petitions or

8  complaints to federal court and not a right to discover such claims or even to ligate them

9  effectively once filed with a court.  *Id*. at 354.  The right "guarantees no particular

10  methodology but rather the conferral of a capability–the capability of bringing

11  contemplated challenges to sentences or conditions of confinement before the courts."

12  *Id*.  at 356.    As a matter of standing, for an access-to-courts claim, a plaintiff must show

13  that he suffered an "actual injury" with respect to contemplated litigation.  *Id*. at 349.  To

14  show actual injury with respect to contemplated litigation, the plaintiff must demonstrate

15  that the defendants' conduct frustrated or impeded him from bringing to court a

16  nonfrivolous claim that he wished to present.  *Id*. at 352-53.

17      "[T]he injury requirement is not satisfied by just any type of frustrated legal

18  claim."  *Id*. at 354.  The right of access to the courts "does not guarantee inmates the

19  wherewithal to transform themselves into litigating engines capable of filing everything

20  from shareholder derivative actions to slip-and-fall claims."  *Id*. at 355.  The nonfrivolous

21  claim must be a direct or collateral attack on the inmate's sentence or a challenge to the

22  conditions of his confinement.  *Id*.  "Impairment of any *other* litigating capacity is simply

23  one of the incidental (and perfectly constitutional) consequences of conviction and

24  incarceration."  *Id*. (emphasis in original).  Further, the denial of access to a paralegal or

25  use of a law library is not actionable if there is no claim of prejudice to an existing or

26  future legal action.  Id. at 351-53.

27      Plaintiff fails to allege facts to support that he suffered an actual injury with

28  respect to any pending or prospective litigation based on his requests for phone calls

being denied, his lack of library time, or his alleged lack of an adequate law library.  That is, he has not identified a nonfrivolous, arguable underlying claim that he has been prevented from filing, when this occurred, and by whom.  Plaintiff clearly was able to file the instant civil rights complaint.  In fact, within the last six months, Plaintiff has managed to file three habeas petitions and two civil rights complaints, including the instant case, with this Court.  Accordingly, Plaintiff fails to state an access to courts claim in Count Two, and it will be dismissed.

### C.      Count Three (Mail)

In Count Three, Plaintiff claims that he is limited to sending "seven certified mails a week" in violation of his First Amendment rights.  He also claims that several items that he mailed never made it to their destinations, including outgoing mail to the FBI, a hospital, his mother, and the Board of Immigration Appeals.

Inmates retain First Amendment rights not inconsistent with their status as prisoners or with legitimate penological objectives of the corrections system.  *See Shaw v. Murphy*, 532 U.S. 223, 231 (2001); *Clement v. California Dep't of Corr.*, 364 F.3d 1148, 1151 (9th Cir. 2004).  Under the First Amendment, mail to or from an inmate's attorney, or prospective attorney, constitutes "legal mail" that, when appropriately labeled, is entitled to greater protection than other mail.  *See Wolff v. McDonnell*, 418 U.S. 539, 576 (1974) (stating that legal mail must be specifically marked as originating from an attorney).  Mail to or from a public agency, and not a particular attorney, does not constitute "legal mail" entitled to greater First Amendment protections.  *See Grigsby v. Horel*, 341 Fed. Appx. 314, 314-15 (9th Cir. 2009); *Jenkins v. Huntley*, 235 Fed. Appx. 374, 376 (7th Cir. 2007) (letter from Illinois Attorney Registration and Disciplinary Commission was not legal mail where inmate was not represented or seeking representation by the Commission); *Kaufman v. McCaughtry*, 419 F.3d 678, 685-86 (7th Cir. 2005) (mail from DOJ, nonprofit civil liberties organization, and other legally oriented entities did not constitute legal mail where inmate was not represented by or seeking representation by attorney with sending organization); *Sallier v. Brooks*, 343 F.3d

868, 875-76 (6th Cir. 2003) (mail from the American Bar Association and from various county clerks and register of deeds did not implicate inmate's First Amendment legal mail rights); *O'Keefe v. Van Boening*, 82 F.3d 322, 326 (9th Cir. 1996) (refusal to treat inmate's grievances to state officials as legal mail did not violate inmate's First Amendment rights).

Plaintiff does not allege facts to support that his outgoing mail constituted legal mail.  Plaintiff does claim that he was attempting to send mail to an attorney that was representing him and does not allege any other reasons why his outgoing mail to the FBI or Board of Immigration Appeals constituted "legal mail."  Moreover, Plaintiff does not link the failure of his outgoing mail to reach its final destination to the conduct of any of the named Defendants.  Accordingly, Count Three will be dismissed.

### D.      Count Four (Equal Protection)

Plaintiff fails to state an equal protection claim.  Generally, "[t]o state a claim . . . for a violation of the Equal Protection Clause . . . [,] a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class."  *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).  Plaintiff has not alleged he is a member of a protected class.

The United States Supreme Court has also recognized "successful equal protection claims brought by a 'class of one,' where the plaintiff alleges that [he] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment."  *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *see also SeaRiver Maritime Financial Holdings, Inc. v. Mineta*, 309 F.3d 662, 679 (9th Cir. 2002).  Even under this standard, Plaintiff has failed to state a claim.  Plaintiff has failed to allege that he was treated differently than other similarly situated individuals and that there was no rational basis for treating him differently.  Accordingly, Count Four will be dismissed.

### E.      Counts Five and Six (Medical Claims)

Plaintiff fails to state a claim for constitutionally deficient medical care.  Not every

claim by a prisoner relating to inadequate medical treatment states a violation of the Eighth or Fourteenth Amendment.  To state a § 1983 medical claim, a plaintiff must show that the defendants acted with "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).  A plaintiff must show (1) a "serious medical need" by demonstrating that failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain and (2) the defendant's response was deliberately indifferent.  *Jett*, 439 F.3d at 1096 (quotations omitted).

To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  Deliberate indifference in the medical context may be shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need and harm caused by the indifference.  *Jett*, 439 F.3d at 1096.  Deliberate indifference may also be shown when a prison official intentionally denies, delays, or interferes with medical treatment or by the way prison doctors respond to the prisoner's medical needs.  *Estelle*, 429 U.S. at 104-05; *Jett*, 439 F.3d at 1096.

Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety.  *Farmer*, 511 U.S. at 835.  "Neither negligence nor gross negligence will constitute deliberate indifference." *Clement v. California Dep't of Corr.*, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); *see also Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or "medical malpractice" do not support a claim under § 1983).   "A difference of opinion does not amount to deliberate indifference to [a plaintiff's] serious medical needs." *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).  A mere delay in medical care, without more, is insufficient to state a claim against prison officials for deliberate indifference.  *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407

(9th Cir. 1985).  The indifference must be substantial.  The action must rise to a level of "unnecessary and wanton infliction of pain."  *Estelle*, 429 U.S. at 105.

Plaintiff's allegations in Count Five all appear to stem from Plaintiff allegedly having "over fifty pet locator chips under [his] skin" and the Defendants' alleged conspiracy to keep these chips from being discovered by replacing Plaintiff's real x-rays with fake x-rays.  A claim is frivolous and warrants dismissal when it "lacks an arguable basis either in law or fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law or fact if it contains factual allegations that are fantastic or delusional, or if it is based on legal theories that are indisputably without merit.  *Neitzke*, 490 U.S. at 327-28.  The Court finds that Plaintiff's allegations are delusional and irrational.  Accordingly, Count Five will be dismissed.

Plaintiff also fails to state a medical claim in Count Six.  Plaintiff fails to allege sufficient facts that had a serious health need or that any of the Defendants were deliberately indifferent.  On the contrary, Plaintiff claims that Defendant Sepulveda, a doctor at the Eloy Detention Center, examined "the little bumps" on Plaintiff's body, and determined that it was acne.  Plaintiff's disagreement with the diagnosis is insufficient to state a claim for constitutionally deficient medical care.  Accordingly, Count Six will be dismissed.

### F.    Count Seven (Conditions of Confinement)

A claim for unconstitutional conditions of confinement requires proof that a defendant acted with deliberate indifference.  *See Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).  Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety.  *Farmer*, 511 U.S. at 835.  To state a claim for deliberate indifference, plaintiffs must meet a two-part test.  "First, the alleged constitutional deprivation must be, objectively, sufficiently serious"; and the "official's act or omission must result in the denial of the minimal civilized measure of life's necessities."  *Id.* at 834 (internal quotations omitted).  Second, the prison official must have a "sufficiently culpable state of mind," i.e., he must act with "deliberate indifference

to inmate health or safety." *Id.* (internal quotations omitted).  In defining "deliberate indifference" in this context, the Supreme Court has imposed a subjective test: "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, *and* he must also draw the inference."  *Id.* at 837 (emphasis added).

Plaintiff's allegations do not amount to deliberate indifference.  Plaintiff alleges that he was assaulted by an inmate in 2001 while confined at the Eloy Detention Center and that four years later, Defendant Hammons "unlawfully detained" Plaintiff, and he was again assaulted by this inmate.  Plaintiff claims that he was again housed with this inmate in 2014 and was assaulted a third time.  Plaintiff does not allege, however, that he was assigned to the same unit or the same cell as the inmate that assaulted him in 2001, or if he was, whether Hammons was responsible for the assignment.  Plaintiff does not allege that Hammons knew Plaintiff would come into contact with the inmate who had previously assaulted him or whether Hammons had reason to know that this inmate would assault Plaintiff four years after the first assault.  Plaintiff also fails to allege that Hammons was responsible for him coming into contact with this inmate again in 2014.  Additionally, although Plaintiff alleges that Hammons "ensured" that Plaintiff was placed in the same cell as the "3 guys that attempted to rape and raped [Plaintiff's] mother" and that Defendant Hammons "incited the rapes against [Plaintiff's] mother," Plaintiff does not allege how Hammons "incited" his mother being raped.  Moreover, Plaintiff does not allege that he suffered a specific injury from being placed in the cell with these individuals.  Accordingly, Count Seven will be dismissed.

**G.    Count Eight (Access to Phone)**

Plaintiff fails to state a First Amendment claim based on his telephone calls allegedly being intercepted by the prison's phone monitoring system.  With respect to telephone access, the United States Constitution does not provide for an unfettered right to use a telephone, thus an inmate has no First Amendment right to access a telephone. *Valdez v. Rosenbaum*, 302 F.3d 1039, 1048 (9th Cir. 2002).  The Ninth Circuit "'sensibly

and expansively' define[s] the First Amendment right at issue . . . as the right to communicate with persons outside prison walls.  Use of a telephone provides a *means* of exercising this right."  *Valdez*, 302 F.3d at 1048 (emphasis in original).  Thus, to state a constitutional claim, a plaintiff must allege that the use of a phone is connected to another constitutional right, such as the right of free speech or access to the courts.  Even then, a telephone is only one means for an inmate to exercise the extremely limited First Amendment right to communicate with persons outside the jail.  That same right may be met through other means such as correspondence or personal visits.  Accordingly, Plaintiff's allegations fail to state a claim, and Count Eight will be dismissed.

## IV.   Leave to Amend

For the foregoing reasons, Plaintiff's First Amended Complaint will be dismissed for failure to state a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a second amended complaint to cure the deficiencies outlined above.  The Clerk of Court will mail Plaintiff a court-approved form to use for filing a second amended complaint.  If Plaintiff fails to use the court-approved form, the Court may strike the second amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint."  The second amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint or First Amended Complaint by reference.  Plaintiff may include only one claim per count.

A second amended complaint supersedes the original Complaint and First Amended Complaint.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat the original Complaint and First Amended Complaint as nonexistent.  *Ferdik*, 963 F.2d at 1262.  Any cause of action that was raised in the original complaint or first amended complaint and that was voluntarily dismissed or was

dismissed without prejudice is waived if it is not alleged in a second amended complaint. *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

## V.   Warnings

### A.   Release

If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court that he intends to pay the unpaid balance of his filing fee within 120 days of his release or (2) file a <u>non</u>-prisoner application to proceed *in forma pauperis*.  Failure to comply may result in dismissal of this action.

### B.   Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

### C.   Copies

Plaintiff must submit an additional copy of every filing for use by the Court.  *See* LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D.   Possible "Strike"

Because the First Amended Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file a second amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).  Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be

granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

### E.   Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    The First Amended Complaint (Doc. 8) is **dismissed** for failure to state a claim.  Plaintiff has **30 days** from the date this Order is filed to file a second amended complaint in compliance with this Order.

(2)    If Plaintiff fails to file a second amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

(3)    The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

Dated this 2nd day of March, 2015.

David G. Campbell
United States District Judge

- 16 -

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1. <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2. <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper. You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3. <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing and Administrative Fees</u>.  The total fees for this action are $400.00 ($350.00 filing fee plus $50.00 administrative fee).  If you are unable to immediately pay the fees, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5. <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6. <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  <u>See</u> LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.  If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $400 filing and administrative fees or the application to proceed *in forma pauperis* to:**

Revised 5/1/2013                                         1

<u>Phoenix & Prescott Divisions</u>:        **OR**        <u>Tucson Division</u>:
U.S. District Court Clerk                                    U.S. District Court Clerk
U.S. Courthouse, Suite 130                                  U.S. Courthouse, Suite 1500
401 West Washington Street, SPC 10                          405 West Congress Street
Phoenix, Arizona  85003-2119                                Tucson, Arizona  85701-5010

7. <u>Change of Address</u>.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8. <u>Certificate of Service</u>.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*).  Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.  <u>See</u> Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed
> this _____ (month, day, year) to:
> Name:  _____
> Address:_____
>       Attorney for Defendant(s)
> _____
> (Signature)

9. <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint.  <u>See</u> Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint. LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10. <u>Exhibits</u>.  You should not submit exhibits with the complaint or amended complaint.  Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11. <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

2

12.  Completing the Civil Rights Complaint Form.

**HEADING:**

    1.  Your Name.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

    2.  Defendants.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

    3.  Jury Demand.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

    1.  Nature of Suit.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "Bivens v. Six Unknown Federal Narcotics Agents" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

    2.  Location.  Identify the institution and city where the alleged violation of your rights occurred.

    3.  Defendants.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

    You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

    You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.  Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

1. <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  <u>See</u> 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

**FINAL NOTE**

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____

Name and Prisoner/Booking Number

_____

Place of Confinement

_____

Mailing Address

_____

City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| _____ , <br> (Full Name of Plaintiff)        Plaintiff, <br><br> vs. <br><br> (1) _____ , <br> (Full Name of Defendant) <br> (2) _____ , <br><br> (3) _____ , <br><br> (4) _____ , <br>               Defendant(s). <br> ☐ Check if there are additional Defendants and attach page 1-A listing them. | ) <br> ) <br> ) <br> ) <br> ) **CASE NO.** _____ <br> ) <span style="padding-left:2em;">(To be supplied by the Clerk)</span> <br> ) <br> ) <br> ) <br> ) **CIVIL RIGHTS COMPLAINT** <br> ) **BY A PRISONER** <br> ) <br> ) ☐ Original Complaint <br> ) ☐ First Amended Complaint <br> ) ☐ Second Amended Complaint |

## A.  JURISDICTION

1.  This Court has jurisdiction over this action pursuant to:
    ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
    ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
    ☐ Other: _____ .

2.  Institution/city where violation occurred: _____ .

**550/555**

**B.  DEFENDANTS**

1.    Name of first Defendant: _____. The first Defendant is employed as:
_____ at _____ .
       (Position and Title)               (Institution)

2.    Name of second Defendant: _____. The second Defendant is employed as:
_____ at _____ .
       (Position and Title)               (Institution)

3.    Name of third Defendant: _____. The third Defendant is employed as:
_____ at _____ .
       (Position and Title)               (Institution)

4.    Name of fourth Defendant: _____. The fourth Defendant is employed as:
_____ at _____ .
       (Position and Title)               (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

**C.  PREVIOUS LAWSUITS**

1.    Have you filed any other lawsuits while you were a prisoner?    ☐ Yes    ☐ No

2.    If yes, how many lawsuits have you filed? _____. Describe the previous lawsuits:

  a.  First prior lawsuit:
    1.    Parties: _____ v. _____
    2.    Court and case number: _____ .
    3.    Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
    _____ .

  b.  Second prior lawsuit:
    1.    Parties: _____ v. _____
    2.    Court and case number: _____ .
    3.    Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
    _____ .

  c.  Third prior lawsuit:
    1.    Parties: _____ v. _____
    2.    Court and case number: _____ .
    3.    Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
    _____ .

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D.  CAUSE OF ACTION

### COUNT I

1.    State the constitutional or other federal civil right that was violated: _____
_____.

2.    **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities         ☐ Mail              ☐ Access to the court       ☐ Medical care
☐ Disciplinary proceedings  ☐ Property          ☐ Exercise of religion      ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____

3.    **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____.

5.    **Administrative Remedies:**
a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at your
institution?                                                          ☐ Yes    ☐ No
b.    Did you submit a request for administrative relief on Count I?                ☐ Yes    ☐ No
c.    Did you appeal your request for relief on Count I to the highest level?       ☐ Yes    ☐ No
d.    If you did not submit or appeal a request for administrative relief at any level, briefly explain why you
did not. _____
_____.

3

## COUNT II

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count II.** Identify the issue involved.  Check **only one**.  State additional issues in separate counts.

☐ Basic necessities       ☐ Mail       ☐ Access to the court       ☐ Medical care
☐ Disciplinary proceedings    ☐ Property       ☐ Exercise of religion       ☐ Retaliation
☐ Excessive force by an officer    ☐ Threat to safety   ☐ Other: _____.

3.   **Supporting Facts.** State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**

    a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?    ☐ Yes   ☐ No

    b.   Did you submit a request for administrative relief on Count II?    ☐ Yes   ☐ No

    c.   Did you appeal your request for relief on Count II to the highest level?    ☐ Yes   ☐ No

    d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

4

## COUNT III

1. State the constitutional or other federal civil right that was violated: _____
   _____.

2. **Count III.** Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
   ☐ Basic necessities          ☐ Mail              ☐ Access to the court      ☐ Medical care
   ☐ Disciplinary proceedings   ☐ Property          ☐ Exercise of religion     ☐ Retaliation
   ☐ Excessive force by an officer   ☐ Threat to safety  ☐ Other: _____.

3. **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

   _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____.

4. **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

   _____
   _____
   _____.

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your
      institution?                                                                      ☐ Yes   ☐ No
   b. Did you submit a request for administrative relief on Count III?                  ☐ Yes   ☐ No
   c. Did you appeal your request for relief on Count III to the highest level?         ☐ Yes   ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you
      did not.  _____
      _____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____

_____

_____

_____

_____

_____

_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                                DATE                                                       SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)

_____

_____

_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.